**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LESTER B. ROBINSON,

    Defendant - Appellant.

No. 24-8078
(D.C. No. 1:10-CR-00063-CAB-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Lester B. Robinson appeals the district court's denial of his motion for compassionate release.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**I. Factual and Procedural Background**

Robinson pled guilty in 2010 to production of child pornography, 18 U.S.C. § 2251(a) & (e), for taking explicit photographs of his niece, including some in which he was touching her genitals.  A probation officer prepared a presentence

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

investigation report (PSR), which summarized that in addition to the conduct of conviction, Robinson possessed hundreds of videos of child pornography and used the internet to exchange child pornography and contact children. The PSR also reported that his adult daughters told an FBI agent Robinson had sexually molested them as young girls. One of them also described that abuse to the probation officer.

Based on Robinson's offense level and criminal history, the PSR calculated his advisory Guidelines sentence as life imprisonment, but that was reduced to the statutory maximum of thirty years. However, the plea agreement Robinson entered under Federal Rule of Criminal Procedure 11(c)(1)(C), stipulated to a twenty-year prison sentence. The sentencing judge accepted that agreement "reluctantly," indicating he did so only so the victim would not need to testify at trial, and stating he would otherwise have sentenced Robinson to at least thirty years. R. vol. 3 at 33.

Robinson filed the motion underlying this appeal in July 2024, arguing his age and numerous medical problems establish "extraordinary and compelling reasons" to shorten his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The district court denied the motion. It correctly observed that to reduce his sentence it "must find that [Robinson] has demonstrated each of the following: [1] the existence of some 'extraordinary and compelling' reason warranting a sentence reduction; [2] that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and [3] that early release would be consistent with any relevant

---

[1] The district court had denied an earlier motion for early release under § 3582(c)(1)(A)(i) that Robinson filed during the Covid-19 pandemic.

sentencing factors set forth in 18 U.S.C. § 3553(a)." R. vol. 4 at 336 (citing *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021)). The district court found the third requirement was not satisfied because "the requested reduction would be wholly inconsistent with the § 3553(a) . . . factors." *Id.* at 341.

Addressing those factors, the court found the "seriousness of the offense" and Robinson's "history and characteristics" weighed against a sentence reduction. *Id.* It described his offense as "horrific," summarizing that he "exploited a girl of only nine or ten years with developmental disabilities," while "in the girl's home on a family visit, with both the girl's family and Defendant's family in the home when he molested the girl in her room." *Id.* (internal quotation marks omitted).

In addition, the court found Robinson's "uncharged and contested sexual abuse conduct . . . just as troubling." *Id.* It noted he was "caught when his house was searched in connection with his sharing child pornography over the internet," but was not charged for that conduct; that he had "boasted that his collection of child pornography included more than 500 videos"; and that his daughters reported he had molested them at a "very young" age. *Id.* at 341 & n.10 (internal quotation marks omitted). The court recognized Robinson's objections to the PSR were unresolved and some of the uncharged conduct was "contested," but it "agree[d] with the Government that there is way too much smoke . . . not to have been fires aplenty." *Id.* at 341 (internal quotation marks omitted).

The district court also found several other § 3553(a) factors weighed against a reduction. It found Robinson posed a threat to the community because, despite his

3

age and medical problems, "low risk is not no risk," and "[his] apparently unquenchable thirst for . . . child pornography continues to present significant concerns about further criminality," even if his infirmity makes it less likely he will commit "a 'hands on' assault." *Id.* at 342 (internal quotation marks omitted). Regarding "just punishment," the court found Robinson "fail[ed] to fully acknowledge the great deal he received" under his plea agreement. *Id.* (internal quotation marks omitted). Given his below-Guidelines sentence, it found a reduction would create unwarranted sentencing disparities. *Id.* (internal quotation marks omitted). As to rehabilitation, the court found the record showed "no meaningful history of programming or treatment to address or reduce the sexual psychopathology that led to [Robinson's] conduct." *Id.* at 343. To the contrary, it cited evidence showing his "outright refusal of such treatment," and that he "seems to deny that he was ever a pedophile." *Id.* (internal quotation marks omitted).

The court acknowledged Robinson's medical problems but rejected his argument based on allegedly "subpar" care in prison. *Id.* at 342. It cited records showing he received ongoing medical care, and a warden's assessment that his conditions are "not terminal or debilitating" and "can be managed and treated within a correctional facility." *Id.* at 343 (internal quotation marks omitted). It was also persuaded early release "would prematurely create an additional measure of fear and uncertainty" for Robinson's victims. *Id.* at 339. And it concluded that "[g]iven the gravity of the conduct at issue, one would expect unambiguous sincere remorse . . . but such is not in the record." *Id.* at 343.

4

Robinson appealed.  His anticipated release date is April 1, 2027.

## II. Legal Standards

### A.    Compassionate Release

Section 3582(c)(1)(A)(i) allows a defendant to move for a sentence reduction if "extraordinary and compelling reasons warrant such a reduction."  This is commonly referred to as "the compassionate release statute."  *McGee*, 992 F.3d at 1039 (internal quotation marks omitted).  To obtain relief under § 3582(c)(1)(A)(i), a defendant must show (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the request is consistent with Sentencing Commission policy statements; and (3) the relevant § 3553(a) factors support his request.  *See id.* at 1042.  District courts may deny compassionate release if any of those requirements is lacking, without needing to address the others.  *See id.* at 1043.

### B.    Standard of Review

The "wide sentencing discretion" given to district courts "carries forward to later proceedings that may modify an original sentence."  *Concepcion v. United States*, 597 U.S. 481, 490–91 (2022) (internal quotation marks omitted). Accordingly, we review the denial of compassionate release for abuse of discretion. *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024).  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  *Id.*  (internal quotation marks omitted).

As to the § 3553(a) factors, "we do not reweigh the § 3553(a) factors on appeal."  *United States v. Lewis*, 116 F.4th 1144, 1178 (10th Cir. 2024), *cert. denied*,

145 S. Ct. 1110 (2025) (brackets and internal quotation marks omitted).  "Because the weighing of [those] factors is committed to the discretion of the district court, we cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) (internal quotation marks omitted).

### III. Discussion

As detailed above, the district court gave a thorough and well-reasoned explanation for concluding the § 3553(a) factors do not support reducing Robinson's sentence.  Its explanation was more than sufficient to show it did not abuse its discretion.  *See Hald*, 8 F.4th at 948 (stating the district judge "need only set forth enough to satisfy the appellate court that she has considered the parties' arguments and has a reasoned basis for exercising her own legal decisionmaking authority." (brackets and internal quotation marks omitted)).

Robinson's arguments on appeal are unavailing.[2]  First, he argues the district court erred by relying on his daughters' statements that he molested them, which he contends are "untrue" hearsay, so that the district court's "reliance on [an] erroneous factual premise is grounds for remand."  Attach. to Aplt. Opening Br. at 1–2.  But unless specifically restricted, district courts have discretion "to consider any relevant materials . . . in modifying [a] sentence."  *Concepcion*, 597 U.S. at 494.  In

---

[2] Because Robinson is pro se, we liberally construe his filings but do not act as his advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

particular, "proscriptions regarding the admission of hearsay evidence . . . do not apply to sentencing." *United States v. Dermen*, 143 F.4th 1148, 1228 (10th Cir. 2025). Thus, the district court was not prohibited from considering the daughters' statements. *See id.*; *see also United States v. Ruby*, 706 F.3d 1221, 1229 (10th Cir. 2013) ("[H]earsay statements may be considered at sentencing if they bear some minimal indicia of reliability." (internal quotation marks omitted)).

Other than his own conclusory assertion that his daughters' statements were untrue, Robinson gives no reason they lacked the reliability required for the district court to consider them.[3] Moreover, the district court identified their statements as only one part of the record of "uncharged and contested sexual abuse conduct." R. vol. 4 at 341. This also included: Robinson's possession of a huge collection of child pornography; the investigation showing he traded child pornography online; his admission to contacting children online; and the fact that "five members of [Robinson's] then-family and two mental health care professionals [had] asserted he had engaged in prior, similar uncharged conduct." *Id.* at 288. The district court did not abuse its discretion in finding this record sufficiently "troubling" to weigh against reducing Robinson's sentence. *Id.* at 341.

---

[3] Robinson's citation to *United States v. Burman*, No. 21-7200, 2023 WL 4231740 (4th Cir. June 28, 2023) (unpublished) is unavailing. There, the district court mis-stated that the defendant had conspired to distribute "15 to 50 kilograms of cocaine *base* . . . . rather than *cocaine*," an error material to his Guidelines range. *Id.* at *3 (emphasis added). The district court here considered some unproven conduct, but did not rely on any similar, clearly erroneous factual premise.

Second, Robinson argues the district court "did not fairly account for [his] frail health, physical limitations . . . and advanced age," when finding he would pose a danger if released. Attach. to Aplt. Opening Br. at 2–3. We disagree. The district court recognized Robinson's health problems but concluded there is still a danger he would access or disseminate child pornography. Robinson emphasizes his many medical problems, including being legally blind, and contends it is "obvious . . . [he] is physically unable to be much of a danger to anyone." *Id.* at 3. But it is not self-evident his impairments would prevent him from committing further crimes, including accessing child pornography, upon release. His arguments do not show the district court abused its discretion in finding he poses a risk to the community.[4]

Third, Robinson argues the district court did not adequately consider the medical evidence when finding a sentence reduction would create an unwarranted sentencing disparity. We are satisfied the district court adequately considered his age and medical problems. *See Hald*, 8 F.4th at 947 (stating the facts allegedly

---

[4] Robinson argues his warden was wrong to find his medical conditions were not "debilitating," so the district court abused its discretion by relying on the warden's assessment. Attach. to Aplt. Opening Br. at 4. But even if his medical conditions meet the definition of "debilitating," that does not undermine the conclusion that he poses a risk of committing further crimes *despite* his impairments.

He also argues the district court did not consider a test score allegedly showing he has a low recidivism risk. But the district court found he "[did] not attach any record substantiating" this claim. R. vol. 4 at 338. Robinson's brief on appeal does not cite where in the record the referenced test score(s) might be found. We therefore do not attempt to resolve this argument. *See* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant's opening brief to support his contentions "with citations to the . . . parts of the record on which [he] relies"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the [pro se] litigant's attorney in . . . searching the record.").

establishing "extraordinary and compelling reasons" for compassionate release are relevant to the § 3553(a) analysis). But it found a sentence reduction unwarranted, considering the § 3553(a) factors as a whole. Robinson's argument asks us to reweigh those factors to give more weight to his medical conditions. But doing so would be contrary to our standard of review on appeal. *See Lewis,* 116 F.4th at 1178.

Fourth, Robinson argues the district court gave excessive weight to only one § 3553(a) factor, namely, his "conduct from nearly two decades ago." Attach. to Aplt. Opening Br. at 8. To the contrary, many of the § 3553(a) factors supported the district court's decision, including the nature and circumstances of the offense; Robinson's history and characteristics; and the need to reflect the seriousness of the offense, to provide just punishment, to avoid unwarranted sentencing disparities, and to protect the public. *See* §§ 3553(a)(1), (a)(2)(A) & (C), (a)(6).

## IV. Conclusion

Because the district court did not abuse its discretion in denying Robinson's motion for compassionate release, we affirm.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

9